IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE LOUIS MAXIE | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-11-CV-2479-L-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Joe Louis Maxie, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed in part on limitations grounds and denied in part.

I.

In 2008, petitioner pled guilty to burglary of a habitation and aggravated robbery. Punishment was assessed at 10 years confinement in the burglary case and 25 years confinement in the aggravated robbery case. Both convictions and sentences were affirmed on direct appeal. *Maxie v. State*, Nos. 05-08-00776-CR & 05-08-01724-CR, 2009 WL 1140098 (Tex. App.--Dallas, Apr. 27, 2009, no pet.). Petitioner also filed an application for state post-conviction relief challenging his burglary conviction. The application was denied without written order on the findings of the trial court. *Ex parte Maxie*, WR-74,820-02 (Tex. Crim. App. Mar. 30, 2011). Petitioner then filed this action in federal district court.

II.

As best the court understands his claims, petitioner appears to allege that he received ineffective assistance of counsel at trial and on appeal, that his guilty plea was uninformed and involuntary, and that he is actually innocent. Petitioner also complains that the state habeas court refused to conduct an evidentiary hearing and did not provide him with written findings to support its decision.

Respondent has filed a preliminary response in which he argues that this case is barred by the AEDPA statute of limitations. Petitioner addressed the limitations issue in a memorandum brief filed on September 22, 2011, and in a reply filed on December 16, 2011. The court now determines that this case should be dismissed in part on limitations grounds and denied in part.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of due
diligence.

*See* 28 U.S.C. § 2244(d)(1).  The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period.  *Id.* § 2244(d)(2).  The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 25 years in prison for aggravated robbery and 10 years in prison for burglary of a habitation.  Both convictions were affirmed by the state court of appeals on April 27, 2009.  Petitioner sought and obtained an extension of time to file a petition for discretionary review ("PDR") until July 27, 2009, but no PDR was filed.  Therefore, petitioner's convictions became final, at the latest, on July 27, 2009 -- the date his PDR was due.  *See Cardona v. Quarterman*, No. 3-08-CV-1340-K, 2008 WL 5232289 at *2 (N.D. Tex. Dec. 10, 2008), *citing Gant v. Cockrell*, No. 3-02-CV-2418-G, 2003 WL 21448770 at *2 (N.D. Tex. Mar. 25, 2003), *COA denied*, No. 03-10533 (5th Cir. Oct. 21, 2003) (where petitioner seeks and obtains an extension of time to file a PDR, conviction becomes final for limitations purposes on date PDR is due).  Petitioner filed an application for state post-conviction relief on June 23, 2010.  The application was denied on March 30, 2011.  Petitioner filed this action in federal court on September 19, 2011.

The AEDPA statute of limitations started to run on July 27, 2009 -- the date petitioner's convictions became final.  This period was tolled from June 23, 2010 until March 30, 2011, a total of 281 days, while his state writ was pending.  Even allowing for this tolling period, petitioner filed his federal writ *138 days* after the statute of limitations expired.  In an attempt to salvage his

untimely claims, petitioner alleges that he was prejudiced by the ineffective assistance of his trial and appellate counsel, that a "jailhouse lawyer" failed to advise him that he was required to file a state writ in the trial court, that he only became aware of the full extent of his claims after briefing was complete in the state habeas proceeding, and that he never received written findings from the state habeas court. (*See* Pet. Mem. Br. at 3-7; Pet. Repl. at 7-22). Petitioner also faults the state habeas court for delaying consideration of his writ for a number of months. (*See* Pet. Repl. at 19-22). Petitioner's claim of ineffective assistance of counsel does not support equitable tolling because the limitations period did not begin to run until his convictions became final. "At that point, [p]etitioner was no longer entitled to counsel and he filed his habeas petition[ ] *pro se*." *Murphy v. Thaler*, No. 3-09-CV-1068-P, 2011 WL 5599573 at *2 (N.D. Tex. Sept. 29, 2011), *rec. adopted*, 2011 WL 5822424 (N.D. Tex. Nov. 16, 2011). The fact that petitioner, as a *pro se* litigant, lacked knowledge of the law or received poor advice from a jailhouse lawyer does not warrant equitable tolling. Nor is equitable tolling justified even if, as alleged, petitioner did not receive written findings from the state habeas court. Significantly, petitioner does not contend that he was unaware of the decision denying his state writ. That petitioner was unable to obtain a complete copy of the state habeas record did not prevent him from timely seeking habeas relief in federal court. *See Glover v. Thaler*, No. 4-10-CV-0056-Y, 2010 WL 2034567 at *2 (N.D. Tex. Apr. 20, 2010), *rec. adopted*, 2010 WL 2034583 (N.D. Tex. May 20, 2010) (citing cases) (difficulty in obtaining records, lack of knowledge of the law and filing rules, and ineffective assistance of trial and appellate counsel do not warrant equitable tolling). Likewise, any delay in deciding petitioner's state writ did not prevent him from timely filing a federal writ because the AEDPA statute of limitations was tolled while the state writ was pending. *See* 28 U.S.C. § 2244(d)(2).

Petitioner also contends that he was prevented from timely filing his federal writ due to a broken thumb. (*See* Pet. Mem. Br. at 4; Pet. Repl. at 8-9). In his reply, petitioner states that he broke the thumb on his writing hand on May 9, 2009, and could not use the hand until after surgery in early December 2009. (*See* Pet. Repl. at 8-9, 17). Even if the court assumes that petitioner could not use his writing hand until December 31, 2009, he still had 208 days within which to file a federal writ. Yet petitioner waited until June 23, 2010 to file his state writ, and then waited another 173 days after his state writ was denied on March 30, 2011, to file his federal writ on September 19, 2011. Equitable tolling is not justified under these circumstances. *See Fisher v. Johnson*, 174 F.3d 710, 715-16 (5th Cir. 1999), *cert. denied*, 121 S.Ct. 1124 (2001) (holding that brief period of incapacity did not warrant equitable tolling where prisoner still had over six months to file federal habeas petition).

C.

To the extent petitioner argues that he was denied due process on state collateral review, his claim is not barred by limitations. However, the Fifth Circuit has repeatedly held that defects in a state habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied*, 122 S.Ct. 477 (2001) (citing cases). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Id.* at 320, *citing Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 2559 (1996). This ground for relief should be overruled.

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed in part and denied in part. All claims relating to his convictions and sentences for burglary of a habitation and aggravated robbery should be dismissed on limitations grounds. Petitioner's claims that the state habeas court

refused to conduct an evidentiary hearing and did not provide him with written findings to support its decision should be denied on the merits.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 22, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE